IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    vs.<br><br>LANCE-KASHIAN & COMPANY, et al.,<br><br>            Defendants.<br>_____ /<br><br>AND COUNTER-ACTION.<br>_____ / | CASE NO. CV F 10-1284 LJO DLB<br><br>**ORDER ON DEFENDANTS' RECONSIDERATION MOTION**<br>(Docs. 56, 58.) |

**INTRODUCTION**

Defendants/counter-complainants[1] seek reconsideration of exclusion of their recently disclosed lost business opportunity damages theory ("new damages theory") which this Court concluded was not disclosed to comply with F.R.Civ.P. 26(a)(1) and 26(e)(1). This Court considered the insureds' reconsideration motion on the record and VACATES the October 18, 2011 hearing, pursuant to Local

---

[1] Defendants/counter-complainants are Lance-Kashian & Company, Edward Kashian ("Mr. Kashian"), and Jennifer Schuh (collectively the "insureds"), who are insureds under a Professional, Management, Employment Practices and Fiduciary Liability Insurance Policy issued by Endurance.

1

Rule 230(g). For the reasons discussed below, this Court DENIES the insureds reconsideration and EXCLUDES from evidence the new damages theory.

## BACKGROUND

During his August 17, 2011 deposition, Mr. Kashian identified for the first time the new damages theory seeking $12 million based in a business opportunity lost because Endurance failed to defend properly the insureds in an underlying action to force the insureds to settle. On August 19, 2011, Endurance filed its motion to exclude the new damages theory, or alternatively, to reopen discovery and modify expert discovery and motion deadlines to address the new damages theory ("motion to exclude"). Endurance set a September 26, 2011 hearing to require the insureds to file opposition papers no later than September 12, 2011 to satisfy Local Rule 230(c).

After the insureds failed to file timely papers to oppose the motion to exclude, this Court issued its September 19, 2011 order ("September 19 order") to exclude the new damages theory based on the insureds' failure to disclose it to comply with initial disclosure and supplementation requirements and the closure of non-expert discovery.

After the September 19 order was docketed and served, the parties filed a "Joint Statement Re Discovery Agreement" to address the motion to exclude. On September 20, 2011, the insureds filed their reconsideration motion to claim that the motion to exclude is a discovery motion subject to Local Rule 251(a), (c) requirements, including the filing of a joint statement seven days prior to the hearing.

## DISCUSSION

The insureds seek reconsideration under F.R.Civ.P. 60(b) which provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) any other reason that justifies relief.

F.R.Civ.P. 60(b) relief is not a matter of right and rests in the trial court's sound discretion. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997); *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 14 (1st Cir. 1994); *see Carter v. United States*, 973 F.2d 1479, 1489 (9th Cir. 1992). F.R.Civ.P.

60(b) relief may be granted "only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997); *Massengall v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *United States v. Bank of New York*, 14 F.3d 756, 757 (2nd Cir. 1994).

Furthermore, F.R.Civ.P. 60(b)(6) offers no independent grounds for relief in that a "party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in clause (1) – 'mistake, inadvertence, surprise or excusable neglect.' Rather, 'extraordinary circumstances' are required to bring the motion within the 'other reason' language . . ." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, n. 11, 108 S.Ct. 2194 (1988) (citation omitted). "Clause 60(b)(6) is a 'catch-all' clause that is read as being exclusive of the other grounds for relief listed in Rule 60." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168, n. 8 (9th Cir. 2002).

"If a party is partly to blame for the delay, relief must be sought within . . . subsection (1)" of F.R.Civ.P. 60(b). F.R.Civ.P. 60(b)(6) requires a demonstration of "extraordinary circumstances." *Tani*, 282 F.3d at 1168. A party moving for relief under F.R.Civ.P. 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006) (internal quotation marks and alteration omitted). F.R.Civ.P. 60(b)(6) must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw*, 452 F.3d at 1103 (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.2005)).

The insureds characterize the motion to exclude as "a discovery motion as contemplated under Local Rule 251"which "prohibited them from setting forth their arguments in opposition to the motion except in a Joint Statement Re Discovery Dispute." As such, the insureds claim that Local Rule 251 required them to file a joint statement no later than September 19, 2011. The insureds focus on the motion to exclude's alternative relief to reopen discovery and to extend discovery deadlines to qualify the motion to exclude as a Local Rule 251 discovery motion. The insureds rely on the motion to exclude's and September 19 order's references to F.R.Civ.P. 26(a)(1), 26(e)(1) and 37(c)(1) to equate the motion to exclude as a discovery motion subject to Local Rule 251. The insureds conclude that

maintaining the September 19 order "would be manifestly unjust" without consideration of the new damages claim on its merits. The insureds fault Endurance's "failure to expressly characterize its motion when filed."

Endurance characterizes its motion to exclude as seeking F.R.Civ.P. 37(c)(1) sanctions for the insureds' disobedience of disclosure and supplementation requirements. Endurance points out that this Court treated as Local Rule 251 motions the insureds' motions to compel further document request responses and to extend a deposition deadline and referred them to the assigned magistrate judge yet held onto and ruled on the motion to exclude. Endurance argues the Local Rule 230 and its briefing deadlines governed the motion to exclude and that the "onus" was on the insureds to file timely opposition papers to protect their interests.

The motion to exclude's core is an evidentiary matter with potential discovery effects, that is, reopening discovery and extending dates if the new damages theory were not excluded. This Court treated the motion to exclude as an evidentiary motion which Endurance diligently pursued given that if the new damages theory was not excluded, Endurance sought to reopen non-expert discovery and extend expert discovery and motion deadlines to address the new evidentiary issue. The motion to exclude was not a discovery motion; "it was a motion relating to sanctions pursuant to Rule 37." *See Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

The insureds' feigned confusion as to discovery motion applicability lacks credibility to explain the insureds' reliance on F.R.Civ.P. 60(b)(6) (other reason that justifies relief) rather than F.R.Civ.P. 60(b)(1) (excusable neglect). Local Rule 302(c)(1) directs "[a]ll discovery motions" to the assigned magistrate judge. Contrary to the insureds' suggestion, this Court did not retain the motion to exclude because this Court considered "the motion as being under Local Rule 251(e) [exceptions from joint statement] instead of Local Rule 251(a)." This Court retained the motion to exclude because it focused on admissible evidence at trial, an issue beyond the assigned magistrate judge in the absence of consent to the magistrate judge for all purposes. The insureds cannot reasonably expect that the assigned magistrate judge was empowered to make evidentiary rulings as to the trial of this action.

This Court referred the insureds' discovery motions to the assigned magistrate judge because he was the proper judge to hear the insured's discovery motions, not Endurance's motion to exclude. Since

4

the motion to exclude addresses evidentiary, not discovery, matters, this Court held onto the motion to exclude to which Local Rule 230 applied. The thrust of the motion to exclude was to preclude the new damages theory for the insureds' disobedience of disclosure and supplementation requirements. This Court will not penalize Endurance for seeking alternative discovery-related relief, which demonstrates prudence and good lawyering.

Moreover, the insureds fail to demonstrate that the motion to exclude falls under Local Rule 251(e)(2) to entitle them to file opposition papers seven days before the hearing. As explained above, the motion to exclude addressed trial evidence, not sanctions per se. The insureds' reliance on Local Rule 230(e) belies their actions in that they filed a joint statement although Local Rule 230(e) is a specific exception to the joint statement requirement. In other words, the insureds cannot reasonably claim the motion to exclude falls under Local Rule 230(e) yet file a joint statement which Local Rule 230(e) excepts given that it addresses the absence of discovery responses, an issue which does not require the joint statement's meeting and conferring.

In addition, the insureds' reliance on Local Rule 251 is puzzling given that Endurance's opening papers treated the motion to exclude as a motion subject to Local Rule 230, not Local Rule 251(a) which requires "the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service. No other documents need be filed at this time." Contrary to Local Rule 230(a), Endurance filed points and authorities, not a mere notice of motion and motion. The insureds failed to contact this Court to address the matter until after the September 19 order was issued.

Lastly, the insureds complain that they "will clearly suffer injury if the Court's order on Endurance's motion is allowed to stand" and that the motion to exclude "was not considered 'on the merits.'" Out of an abundance of caution, this Court reviewed the parties' joint statement filed on September 19, 2011 which reinforces that the insureds disobeyed discovery disclosure and supplementation requirements as to the new damages theory. The purported injury suffered by insureds is of their own making in failing to abide by discovery requirements. The insureds' claims that Endurance was on notice of the new damages theory is unavailing given its absence from the insureds' disclosures, discovery responses and supplemented responses.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES the insureds reconsideration and EXCLUDES the new damages theory.

IT IS SO ORDERED.

**Dated:   October 12, 2011**                    /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE