IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,<br>            Plaintiff,<br><br>       vs.<br><br>LANCE-KASHIAN & COMPANY, et al.,<br><br>            Defendants.<br>_____/<br><br>AND COUNTER-ACTION.<br>_____/ | CASE NO. CV F 10-1284 LJO DLB<br><br>**JUDGMENT**<br><br>(Docs. 100, 101.) |

In response to this Court's November 8, 2011 Summary Judgment Decision ("decision"), defendants/counter-complainants[1] seek this Court's determination that the decision did not resolve malicious prosecution-sounding claims in connection with dismissal of plaintiff/counter-defendant's[2] attorney fees and punitive damages claims and bad faith claim to the extent based in tort. The insureds point to general allegations in their First Amended Counter-Claim ("FACC") that Endurance knowingly

---

[1] Defendants/counter-complainants are Lance-Kashian & Company, Edward Kashian and Jennifer Schuh and will be referred to collectively as "insureds."

[2] Plaintiff/counter-defendant is Endurance American Specialty Insurance Company and will be referred to as "Endurance."

1

pursued in this action "baseless" reverse "bad faith," attorney fees and punitive damages claims to exert "financial pressure" on the insureds to "force them to forfeit all or nearly all of their vested rights and the benefits owed to them under the Policy" which Endurance had issued to the insureds. The insureds further rely on similar allegations to support the FACC's breach of contract claim.

Neither the parties' cross-summary judgment motions nor the decision addressed a malicious prosecution-sounding claim based on dismissal of Endurance's attorney fees and punitive damages claims and bad faith claim to the extent based in tort. Dismissal of the Endurance claims was not raised because the FACC did not allege a malicious prosecution-sounding claim, which the insureds contend remains. Dismissal of the Endurance claims was subsumed in other FACC claims, which the parties and decision addressed.

"[S]ummary judgment cannot be granted on the basis of claims or defenses not pleaded." 2 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (2011) Summary Judgment, para. 14:27.1, p. 14-10. The decision did not address a malicious prosecution-sounding claim because it was not pleaded and was not at issue. As such, the decision correctly concluded that "such summary judgment is conclusive effectively on all the parties' respective claims and grounds for summary judgment."

On the basis of good cause, this Court ENTERS this final judgment in accordance with the decision to adjudicate conclusively all the parties' claims and grounds for summary judgment. The clerk is directed to close this action.

IT IS SO ORDERED.

**Dated:   November 16, 2011**              /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE