IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,<br>            Plaintiff,<br>   vs.<br>LANCE-KASHIAN & COMPANY, et al.,<br>            Defendants.<br>                                /<br>AND COUNTER-ACTION.<br>                                / | CASE NO. CV F 10-1284 LJO DLB<br><br>**ORDER TO DENY COSTS**<br><br>(Docs. 103-105.) |

This Court's November 8, 2011 Summary Judgment Decision ("decision") granted declaratory relief by summary judgment in partial favor of plaintiff/counter-defendant,[1] on one hand, and defendants/counter-complainants,[2] on the other hand. Endurance and the insureds have submitted separate bills of costs, for which they seek this Court's award. In addition, the insureds object to Endurance's bill of costs in that Endurance is not a prevailing party entitled to costs.

---

[1] Plaintiff/counter-defendant is Endurance American Specialty Insurance Company and will be referred to as "Endurance."

[2] Defendants/counter-complainants are Lance-Kashian & Company, Edward Kashian and Jennifer Schuh and will be referred to collectively as "insureds."

F.R.Civ.P. 54(d)(1) provides in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other that attorney's fees – should be allowed to the prevailing party." A "party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977). F.R.Civ.P. 54(d)(1) "generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494 (1987).

F.R.Civ.P. 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Assoc. of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000); *see Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). A district court's discretion "is not unlimited" to require the district court to "specify reasons" for refusal to award costs. *Mexican-American Educators*, 231 F.3d at 591.

Factors to consider to deny costs to the prevailing party include whether: (1) the issues in the case were close and difficult; (2) the prevailing party's recovery was nominal or partial; and (3) the losing party litigated in good faith. *Mexican-American Educators*, 231 F.3d at 592, n. 15; *see Quan v. Computer Sciences Corp.*, 623 F.3d 870, 889 (9th Cir. 2010); *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (in breach of contract actions, prevailing party's recovery of substantially less damages than sought may support discretion to deny costs).

The primary issue is whether Endurance qualifies as a prevailing party to justify an award of its costs. The decision granted Endurance declaratory relief on most of its claims and granted the insureds limited declaratory relief on one their claims. This Court's prior order had dismissed Endurance's attorney fees and punitive damages claims and bad faith claim to the extent based in tort. In short, Endurance predominantly prevailed on the parties' declaratory relief claims but did not prevail on its damages claims. In the end, Endurance was partially victorious. "In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996).

This Court's rulings resulted in a mixed judgment with both sides prevailing on issues. In addition, this action involves difficult insurance coverage and defense issues which the parties litigated

in good faith. The issues required this Court's significant consideration. Given the mixed judgment and good faith dispute over difficult issues, an award of costs is unwarranted and each side is to bear its respective costs. As such, this Court DENIES an award of costs to Endurance and the insureds.

IT IS SO ORDERED.

Dated:   **December 1, 2011**               **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE